THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **BAKER HUGHES OILFIELD OPERATIONS, INC.** § § § § **Plaintiff,** § § v. § **BUBBLETIGHT, LLC** § § **Defendant.** § § § § § | **Civil Action No. 4:16-cv-1521** **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

Plaintiff Baker Hughes Oilfield Operations, Inc. ("Baker Hughes"), for its original complaint for patent infringement against defendant Bubbletight, LLC ("Bubbletight"), alleges as follows:

### PARTIES

1. Plaintiff Baker Hughes is a Delaware corporation with a principal place of business in Houston, Texas.

2. Upon information and belief, Bubbletight is a corporation organized under the laws of Texas and having its principal place of business at 11726 Pardon Road, Needville, Texas 77461.

### JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1338(a).

4.  This Court has personal jurisdiction over Bubbletight because Bubbletight conducts business in the State of Texas, and has availed itself of the rights and benefits of Texas law, has engaged in substantial and continuing contacts with the State, and has infringed the asserted Baker Hughes patents through activities in Texas.

5.  Venue is proper under 28 U.S.C. §§ 1391 (b) and (c) and 1400(b) because Bubbletight resides and has committed acts of infringement in this District.

## FACTS

6.  Baker Hughes is the owner as assignee of United States Patent No. 8,573,295 ("the '295 Patent"). The '295 Patent lawfully issued on November 5, 2013. A copy of the '295 Patent is attached as Exhibit A.

7.  The '295 Patent claims, among other things, a plug configured to engage the "seat" of a downhole tool and dissolve upon exposure to a target environment. The claimed plug generally comprises a substantially-continuous, cellular nanomatrix, a plurality of dispersed particles comprising particle cores comprising Magnesium, Aluminum, Zinc or Manganese (or a combination of these elements), and a solid-state bond layer extending throughout the nanomatrix between the dispersed particles.

8.  Baker Hughes is the owner as assignee of United States Patent No. 9,101,978 ("the '978 Patent). The '978 Patent lawfully issued on August 11, 2015. A copy of the '978 Patent is attached as Exhibit B.

9.  The '978 Patent claims, among other things, a powder metal compact generally comprising a substantially-continuous, cellular nanomatrix, a plurality of dispersed particles comprising particle cores comprising Magnesium, Aluminum, Zinc or Manganese (or a combination of these elements), and a solid-state bond layer extending throughout the nanomatrix between the dispersed particles.

10. Upon information and belief, Bubbletight manufactures, markets, sells, and distributes a downhole plug called DCM frac balls (a.k.a. DDB Degradable Diverter Balls) made from powder metal compacts called DCM degradable composite metal (the "Accused Products") in this jurisdiction and elsewhere in the United States in competition with Baker Hughes.

11. Upon information and belief, the DCM frac balls made from DCM degradable composite metal are plugs configured to engage a "seat" of a downhole tool and dissolve upon exposure to a target environment. The plugs are made with a powder metal compact with a substantially-continuous, cellular nanomatrix surrounding dispersed particles with magnesium and aluminum cores and a solid-state bond layer extending throughout the nanomatrix between the dispersed particles.

12. Upon information and belief, the DCM degradable composite metal is a powder metal compact with a substantially-continuous, cellular nanomatrix surrounding dispersed powder particles with magnesium and aluminum cores and a solid-state bond layer extending throughout the nanomatrix between the dispersed particles. The powder metal compact is made by compacting and deforming the powder particles.

13. Upon information and belief, the Accused Products are covered by at least claim 15 of the '295 Patent and claim 1 of the '978 Patent.

14. Baker Hughes notified Bubbletight of its infringement of the '295 Patent on August 15, 2015, but Bubbletight has continued its infringing activities despite engaging patent counsel to investigate the claim. Bubbletight should have also been aware of the '978 Patent through its investigation because the '295 Patent cross-references the '978 application as related subject matter.

## COUNT I

### PATENT INFRINGEMENT

15. Upon information and belief, Bubbletight has and will continue to directly infringe, and induce others to infringe, claims of the '295 and '978 Patents through making, using, selling, offering to sell, and importing the Accused Products without authorization.

16. Baker Hughes has been damaged by Bubbletight's infringement of the '295 and '978 Patents.

17. The injury to Baker Hughes is continuing and irreparable unless enjoined by this Court.

18. Upon information and belief, Bubbletight was aware of the '295 and '978 Patents and has infringed despite an objectively high likelihood that its actions constitute infringement of a valid patent, thereby infringing willfully.

### PRAYER FOR RELIEF

Baker Hughes respectfully requests the Court enter a judgment awarding Plaintiff the following:

A. A permanent injunction against Bubbletight and others acting in concert with it from engaging in directly, or inducing others to engage in, making, using, selling, offering to sell, or importing plugs or powder metal compacts as claimed by the '295 Patent and '978 Patent, including DCM frac balls made from DCM degradeable composite metal, and all other acts of infringement of the '295 Patent or '978 Patent, prior to the expiration of those patents;

B. Actual damages, but not less than a reasonable royalty;

C. Treble damages based on a finding of willful infringement against Bubbletight under 35 U.S.C. § 284.

D. Prejudgment and post-judgment interest;

E. Baker Hughes's attorneys' fees under 35 U.S.C. § 285; and

F. All other relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff Baker Hughes demands a trial by jury on all issues.

Dated: May 31, 2016

By */s/ Charles B. Walker, Jr.*
Charles B. Walker, Jr.
Attorney in charge
Texas Bar No.  00794808
S.D. Tex. Bar No. 19307
charles.walker@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: 713.651.5151
Fax: 713.651.5246

OF COUNSEL
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: 713.651.5151
Fax: 713.651.5246

ATTORNEYS FOR PLAINTIFF BAKER HUGHES OILFIELD OPERATIONS, INC.