IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAKER HUGHES OILFIELD OPERATIONS, INC. | § § § | |
| Plaintiff, | § § | Civil Action No. 4:16-cv-01521 |
| v. | § § | |
| BUBBLETIGHT, LLC | § § | JURY TRIAL DEMANDED |
| Defendant. | § § § | |

### BUBBLETIGHT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant and Counter-claimant Bubbletight, LLC ("Bubbletight") hereby answers the Original Complaint (ECF No. 1) of Plaintiff Baker Hughes Oilfield Operations, Inc. ("Plaintiff" or "Baker Hughes") and asserts defenses and counterclaims as set forth below. Bubbletight denies all allegations in the Original Complaint unless specifically admitted herein. Bubbletight reserves the right to raise additional defenses and counterclaims based on discovery and further factual investigation in this case.

### PARTIES

1.  Bubbletight is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and therefore denies them.

2.  Bubbletight admits the allegations contained in paragraph 2.

### JURISDICTION AND VENUE

3.  With respect to the allegations contained in paragraph 3, Bubbletight admits that the Original Complaint purports to state a claim arising under Title 35 of the United States Code and that the federal district courts have subject matter jurisdiction over patent actions pursuant

1

to 28 U.S.C. §§ 1331 and 1338(a). Bubbletight denies that Plaintiff's complaint states a meritorious claim under Title 35.

4. With respect to the allegations contained in paragraph 4, Bubbletight denies that it has infringed the asserted Baker Hughes patents, including through activities in Texas. Bubbletight admits the remaining allegations in paragraph 4.

5. With respect to the allegations contained in paragraph 5, Bubbletight admits that venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b) and that Bubbletight resides in the District. Bubbletight denies the remaining allegations in paragraph 5.

## [ALLEGED] FACTS

6. With respect to the allegations contained in paragraph 6, Bubbletight admits that U.S. Patent No. 8,573,295 ("the '295 patent") appears on its face to be assigned to Baker Hughes and to have issued on November 5, 2013, and that a purported copy of the '295 patent is attached as Exhibit A to the Complaint. Bubbletight is without knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 6 and therefore denies those allegations. Bubbletight denies that the '295 patent was lawfully issued on November 5, 2013.

7. With respect to the allegations contained in paragraph 7, Bubbletight admits that paragraph 7 purports to paraphrase claim 15 of the '295 patent, but denies that claim 15 is valid.

8. With respect to the allegations contained in paragraph 8, Bubbletight admits that U.S. Patent No. 9,101,978 ("the '978 patent") appears on its face to be assigned to Baker Hughes and to have issued on November 11, 2015, and that a purported copy of the '978 patent is attached as Exhibit B to the Complaint. Bubbletight is without knowledge or information to

form a belief as to the truth of the remaining allegations in paragraph 8 and therefore denies those allegations.

9. Bubbletight denies the allegations contained in paragraph 9.

10. With respect to the allegations contained in paragraph 10, Bubbletight admits that it markets, sells, and distributes a product known as DCM™ frac balls used for zonal isolation, frac plugs and threaded plugs, and that this product is made from degradable composite metal. Bubbletight further admits that it markets, sells, and distributes this product in this jurisdiction and elsewhere in the United States. Bubbletight denies the remaining allegations in paragraph 10.

11. With respect to the allegations in paragraph 11, Bubbletight admits that DCM™ frac balls are made from DCM™ degradable composite metal, can be used as plugs and dissolve upon exposure to a target environment. Bubbletight denies the remaining allegations in paragraph 11.

12. Bubbletight denies the allegations contained in paragraph 12.

13. Bubbletight denies the allegations contained in paragraph 13.

14. With respect to the allegations contained in paragraph 14, Bubbletight admits that Baker Hughes sent Bubbletight a letter on August 15, 2015 accusing Bubbletight of infringing the '295 patent. Bubbletight denies the remaining allegations contained in paragraph 14.

## COUNT I

### [Alleged] Patent Infringement

15. Bubbletight denies the allegations contained in paragraph 15.

16. Bubbletight denies the allegations contained in paragraph 16.

17. Bubbletight denies the allegations contained in paragraph 17.

18. Bubbletight denies the allegations contained in paragraph 18.

## [PLAINTIFF'S] PRAYER FOR RELIEF

Bubbletight states that to the extent any response is required, Bubbletight denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

Without altering the proper burden of proof on any issues, Bubbletight states the following defenses and affirmative defenses. Bubbletight reserves the right to assert additional defenses and affirmative defenses that may be discovered and/or substantiated during the course of this litigation.

## FIRST DEFENSE

1. Bubbletight has not and does not infringe any valid, properly-construed claim of the '295 and '978 Patents, and has not induced or contributed to any activities of another that could possibly constitute an infringement of any claims of the '295 and '978 patents.

## SECOND DEFENSE

2. The '295 and '978 patents are invalid because they fail to comply with the requirements for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to §§ 101, 102, 103 and/or 112.

## THIRD DEFENSE

3. Plaintiff is estopped from asserting its claims against Bubbletight for patent infringement under the doctrine of prosecution history estoppel based on statements, representations, and/or admissions made during prosecution of the '295 and '978 patents

4

## FOURTH DEFENSE

1. On information and belief, Plaintiff's claims are barred in whole or in part by equitable doctrines including estoppel and/or unclean hands.

## FIFTH DEFENSE

2. Upon information and belief, any claim by Plaintiff for damages is limited by 35 U.S.C. § 287 to only those damages occurring after proper and sufficient notice of infringement of the '295 patent and the '978 patent to Bubbletight.

## SIXTH DEFENSE

3. Plaintiff's claim for damages, if any, against Bubbletight for alleged infringement of the '295 and '978 patents is limited by 35 U.S.C. § 286. Plaintiff is barred from recovering costs associated with the action under 35 U.S.C. § 288 and also because Bubbletight has not engaged in any conduct that entitles Plaintiff to costs.

## SEVENTH DEFENSE

4. Upon information and belief, the '295 and '978 patents are unenforceable by reason of inequitable conduct committed during the prosecution of the Patents-in-Suit. The '295 patent was filed on November 16, 2010 and issued on November 5, 2013. The '978 patent was filed on December 8, 2009 and issued on August 11, 2015. During the prosecution of the '295 and '978 patents, individuals associated with the prosecution of those patents had a duty to disclose material, non-cumulative prior art to the United States Patent and Trademark Office ("Patent Office") pursuant to the duty of candor set forth in 37 C.F.R. § 1.56.

5. Specifically, 37 C.F.R. § 1.56 notes that "[t]he public interest is best served, and the most effective patent examination occurs when, at the time an application is being examined, the Office is aware of and evaluates the teachings of all information material to

patentability. Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section." 37 C.F.R. § 1.56(a).

6. The Patent Office encourages applicants to abide by the duty of candor by disclosing "[t]he closest information over which individuals associated with the filing or prosecution of a patent application believe any pending claim patentably defines, to make sure that any material information contained therein is disclosed to the Office." 37 C.F.R. § 1.56(a)(2). The duty of candor set forth in 37 C.F.R. § 1.56 extends to "(1) each inventor named in the application; (2) each attorney or agent who prepares or prosecutes the application; and (3) every other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, the applicant, an assignee, or anyone to whom there is an obligation to assign the application." 37 C.F.R. § 1.56(c). Accordingly, the named inventors of the '295 and '978 patents - Zhiyue Xu, Michael Johnson and Gaurav Agrawal – as well as the attorneys at Cantor Colburn LLP that prosecuted both patent applications, were clearly bound by the duty of candor to disclose material, non-cumulative prior art to the Patent Office during the prosecution of the '295 and '978 patents.

7. However, despite their duty of candor, certain individuals associated with the prosecution of the '295 and '978 patents withheld material, non-cumulative prior art from the examiners with intent to deceive the Patent Office. The material, non-cumulative prior art includes U.S. Patent No. 8,535,604 ("the '604 patent") issued on September 17, 2013 to Dean Baker and Henry Meeks. The application that resulted in the '604 patent was filed on April 21, 2009, and is thus prior art under pre-AIA 35 U.S.C. § 102(e) to both the '295 and '978 patents.

8. The '604 patent is material to patentability because it discloses the same powder metal compact comprising micro-engineered coated particles embedded in a nanomatrix of metal powders that is claimed in both the '295 and '978 patents. The closeness of this prior art disclosure is not coincidental. The inventors named in the '604 patent, Dean Baker and Henry Meeks, collaborated with Messrs. Xu, Johnson and Agrawal on conception and reduction to practice of the inventions claimed in the '295 and '978 patents. Messrs. Baker and Meeks, filed their own application on those inventions. The Baker/Meeks application resulted in the '604 patent.

9. Upon information and belief, at least Messrs. Xu, Johnson and Agrawal were aware of and had a copy of the application that resulted in the '604 patent because Mr. Johnson requested a copy of it from Dean Baker in 2010. Upon information and belief, one or more persons associated with the prosecution of the '295 and '978 patents was aware of the '604 patent on or about September 17, 2013, the day that the '604 patent issued. Nevertheless, despite the duty of candor set forth in 37 C.F.R. § 1.56, and despite having knowledge of a highly material and non-cumulative prior art patent, none of the individuals associated with the filing and prosecution of the applications that resulted in the '295 and '978 patents submitted the '604 patent to the Patent Office before prosecution closed on those applications.

10. Upon information and belief, one or more individuals associated with the filing and prosecution of the applications that issued as the '295 and '978 patents withheld the '604 patent reference with the intent to deceive the patent office in order to secure the issuance of the '295 and '978 patents. Upon information and belief, one or more individuals associated with the filing and prosecution of the applications that issued as the '295 and '978 patents knew that, had

the examiners been aware of the '604 patent reference, the examiners would have rejected the claims of both the '295 and '978 patents and would not have allowed those claims to issue.

11. Because of the inequitable conduct committed by one or more individuals associated with the filing and prosecution of the applications that issued as the '295 and '978 patents, those patents are unenforceable.

### EIGHTH DEFENSE

12. Upon information and belief, Plaintiff does not hold all title and substantial rights to the asserted patent.

### NINTH DEFENSE

13. Upon information and belief, Plaintiff's claims are barred because Bubbletight has a license under the '295 patent and the '978 patent.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Bubbletight, for its Counterclaims against Plaintiff, avers and alleges as follows:

## NATURE OF THE ACTION

1. This is an action seeking declaratory judgment of invalidity and non-infringement of U.S. Patent No. 8,573,295 ("the '295 patent") and U.S. Patent No. 9,101,978 ("the '978 patent").

2. The action arises under the patent laws of the United States, § 101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

3. Defendant and counterclaim plaintiff Bubbletight is a Texas corporation with its principal place of business in Needville, Texas.

4. On information and belief, plaintiff and counterclaim defendant Baker Hughes Oilfield Operations, Inc. ("Baker Hughes"), is Delaware corporation with its principal place of business in Houston, Texas.

## JURISDICTION AND VENUE

5. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. $ 271 *et seq.* and 28 U.S.C. §§ 1331, 1338, 1367, 2201 and 2202.

6. Because Baker Hughes maintains its principal place of business in this District, this Court may properly exercise personal jurisdiction over Baker Hughes and venue over these counterclaims is also proper in this District under at least 28 U.S.C. §§1391.

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement of U.S. Patent Nos. 8,573,295 and 9,101,978)**

7. Based on Baker Hughes' filing of its Original Complaint alleging patent infringement and Bubbletight's above denial of liability for the reasons stated above, there exists a real and actual case and controversy between the parties regarding whether Bubbletight infringes the '295 and '978 patents.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. Bubbletight is entitled to and respectfully requests a declaration by the Court that it does not infringe any claim of the '295 and '978 patents.

## SECOND COUNTERCLAIM

**(Declaratory Judgment of Invalidity of U.S. Patent Nos. 8,573,295 and 9,101,978)**

9. Based on Baker Hughes's filing of its Original Complaint alleging patent infringement and Bubbletight's assertion that the '295 and '978 patents are invalid, there exists a real and actual case and controversy between the parties regarding the validity of the '295 and '978 patents.

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. Bubbletight is entitled to and respectfully requests a declaration by the Court that the claims of the '295 and '978 patents are invalid.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, defendant and counterclaimant Bubbletight hereby demands a trial by jury.

## PRAYER FOR RELIEF

Bubbletight respectfully requests a judgment:

A. Declaring that Bubbletight has not and does not infringe any claim of the '295 and '978 patents;

B. Declaring that the '295 and '978 patents are invalid and unenforceable;

C. That Plaintiff take nothing by its Complaint, that the Complaint be dismissed with prejudice and that all relief sought by Plaintiff against Bubbletight be denied;

D. Declaring this case exceptional under 35 U.S.C. § 285, and awarding Bubbletight its costs and reasonable attorneys' fees incurred in this action; and

E. Granting Bubbletight such other and additional relief as the Court may deem just and proper.

September 1, 2016

Respectfully submitted,

By: /s/ *Michael J. Collins*
Michael J. Collins
mcollins@ip-lit.com
Attorney-in-Charge
Texas State Bar No. 04614510
SDTX No. 15643
1616 S. Voss Road, Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535

OF COUNSEL:

**Collins Edmonds**
**Schlather & Tower, PLLC**
1616 S. Voss Road, Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535

*Attorneys for Defendant Bubbletight, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per LR-5. Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

September 1, 2016                                                                /s/ *Michael J. Collins*
                                                                                                Michael J. Collins