**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **BAKER HUGHES OILFIELD OPERATIONS, INC.** § § § | | |
| Plaintiff, § | **Civil Action No. 4:16-cv-01521** | |
| § | | |
| v. § | | |
| § | **JURY TRIAL DEMANDED** | |
| **BUBBLETIGHT, LLC** § § | | |
| Defendant. § | | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to the Court's Order requiring a joint report and discovery/case management plan (Doc. No. 2), Rule 26(f) of the Federal Rules of Civil Procedure, and P.R. 2-1 of the Southern District of Texas Rules of Practice for Patent Cases, Plaintiff Baker Hughes Oilfield Operations, Inc. ("Plaintiff") and Defendant Bubbletight, LLC ("Defendant") jointly submit the following, identifying for the Court any issues on which the parties could not agree.

### I.    Matters From The Court's Order

1. **State where and when the parties' meeting required by Rule 26(f) was held, and identify the counsel who attended for each party and any unrepresented parties who attended.**

    Pursuant to Rule 26(f), the parties met telephonically on September 12, 2016. Plaintiff was represented by Charles Walker and Jeffrey Kitchen of Norton Rose Fulbright US LLP. Defendant was represented by Michael Collins and Stephen Schlather of Collins Edmonds Schlather & Tower, PLLC.

2. **List any cases related to this one that are pending in any state or federal court, identifying the case number and court and briefly describing the status or result.**

    None.

3. **Briefly describe what this case is about.**

   Plaintiff's Original Complaint alleges claims of Patent Infringement relating to Defendant's DCM frac balls (a.k.a DDB Degradable Diverter Balls) made from power metal compacts called DCM degradable composite metal. Plaintiff seeks damages, pre- and post-judgment interest, costs and attorneys' fees, a permanent injunction, and a treble damages based on a finding of willful infringement. Defendant disputes Plaintiff's claims and contends, *inter alia*, that Plaintiff's patents are invalid and unenforceable. Defendant seeks a declaration that the patents-in-suit are invalid and unenforceable and that this is an exceptional case under 35 U.S.C. § 285 entitling Defendant to an award for its costs and attorneys' fees. Plaintiff disputes Defendant's contentions.

4. **Specify the allegation of federal jurisdiction, identifying any parties who disagree and the reasons.**

   Plaintiff and Defendant have alleged that subject matter jurisdiction over their respective claims in this case is based on 28 U.S.C. §§ 1331 and 1338(a). No party disputes these allegations.

5. **List anticipated additional parties that should be included, when they can be added, and which party wants to add them.**

   At this time, the Parties do not anticipate naming any additional parties to the suit, but reserve the right to do so based on information learned in discovery.

6. **List anticipated interventions.**

   None anticipated.

7. **Describe any class-action or collective-action issues.**

   None.

8. **State when the parties will make the initial disclosures required by Rule 26(a) and describe any issues or disputes relating to those disclosures.**

   The Parties anticipate making their initial disclosures required by Rule 26(a) no later than October 7, 2016. The Parties do not presently have any issues or disputes relating to those disclosures.

9. **Describe the proposed discovery, including identifying any disputes that have arisen. The matters that must be addressed in this Plan are listed below. The parties should include others that merit the court's early attention as well.**

A. **Responses to the matters covered in Rule 26(f), including any agreements reached about discovery and any issues or disputes relating to discovery.**

    (i) Please see Section II below for specific responses to all matters raised in Rule 26(f).
    (ii) See also the parties Proposed Patent Case - Scheduling Order filed in this case.
    (iii) An appropriate protective order should be entered under Rule 26(c) as discussed in Section III(4) below.

B. **When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff presently anticipates sending interrogatories to Defendant within 2 weeks of the Rule 26(f) conference. Plaintiff also anticipates sending a limited number of interrogatories to Defendant prior to the Rule 26(f) conference.

C. **When and to whom the defendant anticipates it may send interrogatories.**

Defendant presently anticipates sending interrogatories to Plaintiff within two weeks of the Rule 26(f) conference. Defendant also anticipates sending a limited number of interrogatories to Plaintiff prior to the Rule 26(f) conference

D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

At this time, Plaintiff does not anticipate taking the depositions of any witnesses until it has had an opportunity to review Defendant's responses to written discovery and/or initial document production. At present, Plaintiff anticipates deposing certain technical/engineering personnel, sales/marketing personnel, and financial/accounting personnel of Defendant identified in Defendant's initial disclosures and/or through a review of Defendant's documents. Plaintiff also anticipates taking one or more 30(b)(6) depositions of Defendant. Depositions of third-parties may also be necessary. Further, Plaintiff anticipates deposing any testifying expert witnesses designated by Defendant. Plaintiff anticipates the timing of the depositions will be in accordance with the parties' Proposed Scheduling Order.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking oral depositions of the Plaintiff, one or more of its employees or other agents, the alleged inventor of the patent-in-suit, the counsel involved in drafting and prosecution of the patent-in-suit, one or more of the persons identified in the parties' initial disclosures and any other persons or entities discovered having knowledge of discoverable facts and/or knowledge of contentions or claims in any party's pleadings or relating to rebuttal or impeachment. Defendant anticipates the timing of the depositions will be in accordance with the parties' Proposed Scheduling Order.

    F.    **Whether the plaintiff (or the party with the burden of proof on an issue) needs to designate expert witnesses under Rule 702, 703, or 705 of the Federal Rules of Evidence. If so, state when the party will be able to designate the experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

**If the only experts are on attorney's fees, state whether the parties agree to submit any fee issues to the court to decide after liability and damages are resolved**.

Pursuant to the Proposed Patent Case - Scheduling Order filed in this case, the Parties have agreed that the deadline for designation of claim construction experts and service of materials required by FED. R. CIV. P. 26(a)(2) by both parties is January 26, 2017.

The Parties have further agreed, as set forth in the Proposed Patent Case - Scheduling Order filed in this case, that the deadline for designation of expert witnesses on non-construction issues on which the party has the burden of proof ("BOP") and service of expert witness reports shall be August 17, 2017 and the deadline for designation of responsive expert witnesses on non-claim construction issues on which party does *not* have BOP, and service of responsive expert witness reports shall be September 14, 2017.

    G.    **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.**

The Parties anticipate taking the depositions of any expert(s) designated by the other Party after receiving such experts report(s) and in accordance with the parties' Proposed Patent Case - Scheduling Order.

    H.    **List expert depositions the opposing party anticipates taking and their anticipated completion date.**

Presently, each party anticipates taking the deposition of any expert properly designated by the other party, including at least any expert that submits a report and/or is expected to testify in this matter. The anticipated completion date of such depositions is expected to be no later than the deadline set forth in the Proposed Patent Case - Scheduling Order filed in this case.

10.    **If the parties are not agreed on all or part of the discovery plan, describe the separate views and proposals of each party.**

The Parties are agreed on the discovery plan at this time.

11. **Specify the discovery beyond initial disclosures that has been done to date.**

    To date, no formal discovery has been taken by either Party.

12. **State the date the planned discovery can reasonably be completed.**

    Pursuant to the Proposed Patent Case - Scheduling Order filed simultaneously herewith, the Parties presently believe discovery can be reasonably completed no later than November 9, 2017.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The Parties have already conducted informal settlement discussions, including involving employees and/or principals of the parties. During the Rule 26(f) meeting, both Parties indicated that they were amenable to further settlement discussion, including after the service of Rule 26 disclosures and initial discovery responses.

14. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    Presently, the Parties believe that mediation may be suitable at a time prior to the close of discovery as set forth in the Proposed Patent Case Scheduling Order.

15. **Magistrate judges may now hear jury and nonjury trials. State the parties' joint position on a trial before a magistrate judge.**

    The Parties do not consent to a trial before a magistrate judge.

16. **State whether a jury demand has been made and if it was made on time.**

    A timely jury demand has been made by both Plaintiff and Defendant.

17. **Specify the number of hours it will likely take to present the evidence in this case.**

    As set forth in the Proposed Patent Case - Scheduling Order filed in this case, the Parties presently estimate that it will take five (5) days to present the evidence in this case.

18. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

19. **List other pending motions.**

None.

20. **List issues or matters, including discovery, that should be addressed at the conference.**

    None.

21. **Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

    Plaintiffs' Certificate of Interested Parties (Doc. No. 11) was filed September 9, 2016.

    Defendants' Disclosure of Interested Parties (Doc. No. 10) was filed September 1, 2016.

22. **List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.**

| For Plaintiff | For Defendant |
|---|---|
| Charles B. Walker, Jr.<br>   Texas Bar No. 00794808<br>   S.D. Tex. Bar No. 19307<br>   charles.walker@nortonrosefulbright.com<br>Jeffrey P. Kitchen<br>   Texas Bar No. 24092634<br>   S.D. Tex. Bar No. 2574035<br>   jeff.kitchen@nortonrosefulbright.com<br>**Norton Rose Fulbright US LLP**<br>1301 McKinney, Suite 5100<br>Houston, Texas 77010-3095<br>Telephone: (713) 651-5203<br>Facsimile: (713) 651-5246 | Michael J. Collins<br>   mcollins@ip-lit.com<br>   Texas State Bar No. 04614510<br>   SDTX No. 15643<br>Stephen F. Schlather<br>   sschlather@ip-lit.com<br>   Texas State Bar No 24007993<br>   SDTX No. 352157<br>**COLLINS EDMONDS**<br>**SCHLATHER & TOWER, PLLC**<br>1616 S. Voss Road, Suite 125<br>Houston, Texas 77057<br>Telephone: (281) 501-3425<br>Facsimile: (832) 415-2535 |

## II.   Matters Specified in Rule 26(f)

A. **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

   No changes at this time. The Parties anticipate making their initial disclosures required by Rule 26(a) no later than October 7, 2016.

**B.    The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

All discovery should be completed in accordance with the deadlines in the parties' Proposed Patent Case - Scheduling Order.

Plaintiff's Statement:

Plaintiffs anticipate discovery on the following subjects:

1. The design, manufacture, marketing, and sale of any Accused Product as recited in Plaintiff's Original Complaint;

2. Third parties related to Defendant's allegations of invalidity, including Advanced Powdered Solutions, Inc.;

3. Notice of the Patents-in-Suit and opinions of counsel related to infringement of the Patents-in-Suit;

4. Qualifications and opinions of experts designated by Defendant.

Defendant's Statement:

Defendant anticipates discovery on the following subjects:

1. Any and all facts regarding the Patents-in-Suit that are relevant to validity, enforceability, alleged infringement and/or alleged damages;

2. Any and all facts relevant to Plaintiff's claims and Defendant's defenses;

3. The alleged conception and reduction to practice of the alleged invention of the patent-in-suit;

4. The alleged commercialization by or downstream of Plaintiffs of alleged embodiments of the alleged claimed invention;

5. Prosecution involving the patent-in-suit and related applications;

6. Plaintiffs' claim construction positions for the Patents-in-Suit;

7. Prior art, including any prior art known by Plaintiff and/or disclosed to Plaintiff by persons offered licenses or accused of infringement;

8. Issues relevant to the *Georgia-Pacific* factors including Plaintiff's licenses and licensing efforts/practices;

9. The facts and circumstances relating to Plaintiff's allegations of infringement,

      liability, damages and entitlement to injunctive or other relief, including relative to the claims and defenses in this lawsuit;

10. The facts and circumstances relative to this being an exceptional case in which Defendant should recover fees and costs;

      Defendant reserves the right to add other discovery subjects relevant to the subject matter of this case.

**C.**     **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

    The Parties anticipate that they will submit a joint proposed order to the Court regarding discovery of electronically stored information. Presently, the Parties have agreed generally to follow the model ESI order adopted by the Federal Circuit Advisory Counsel, which is available at http://www.cafc.uscourts.gov/sites/default/files/announcements/Ediscovery_Model_Order.pdf. The parties will continue to confer regarding changes to the proposed order, including limitations on the number of custodians and search terms.

**D.**     **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the Court to include their agreement in an order.**

    The Parties anticipate that they will be producing documents and/or information that is at least confidential in nature, including such information from third-parties. Accordingly, the Parties anticipate filing a joint proposed protective order setting forth, inter alia, the handling of confidential information in this case.

**E.**     **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

    The Parties have agreed that for purposes of interrogatories, FED. R. CIV. P. 33(a)(1) should apply in this case. Otherwise, the Parties are not presently aware of any other changes necessary at this time.

**F.**     **Any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).**

    Regarding Rule 26(c), the parties have agreed to the Proposed Protective Order attached as Exhibit A.

### III.     Matters Specified in P.R. 2-1(A)

1.  **Any proposed modification of the schedule provided in the Scheduling Order Template, which is available at the District's website.**

    The parties' Proposed Patent Case - Scheduling Order tracks the schedule used in this District's Scheduling Order Template for Patent Cases.

2.  **A plan for completing electronic discovery.**

    The parties are considering whether an ESI order is appropriate and, if so, anticipate requesting entry of a proposed order as soon as practicable. If no ESI order is requested or issued from the Court, then the parties expect to conduct reasonable discovery of ESI as appropriate, and consistent with the scope of Rules 26 and 34, in connection with their respective discovery disclosures and/or responses.

3.  **The need for presenting technical tutorials to the presiding judge and the mode for such presentations (*i.e.*, live testimony, video presentations) at or before the claim construction hearing.**

    The parties believe the Court will be able to understand the relevant technology based on the parties' claim construction briefs. However, the Parties are amenable to providing a technical tutorial if the Court believes it would be helpful and would propose doing so via PowerPoint or video presentation. The Parties anticipate that both sides' tutorials should take approximately an hour, or perhaps less, of the Court's time.

4.  **Any deviations from and additions to the form protective order (available at the District's website).**

    The parties anticipate agreeing to a protective order and hope to present one to the Court by the time of the conference.

5.  **Whether any party desires to present live testimony at the claim construction hearing.**

    Unknown at this time.

6.  **The need for and any specific limits on discovery relating to claim construction, including depositions of fact and expert witnesses.**

The parties propose that the Court orders that claim construction discovery be governed by the provisions of Section 4 of the Rules of Practice for Patent Cases in the Southern District of Texas.

**7.   The order of presentation at the claim construction hearing.**

The Parties expect that a claim construction hearing would be helpful to the Court. The Parties presently anticipate such a hearing for this case should take no more than four hours of the Court's time and suggest that the parties first make technical presentations on the disputed technology, beginning with the Plaintiff. Thereafter the parties suggest that the Court hear argument for each disputed term or group of closely related terms one at a time, with the parties' alternating which one speaks first on a per term basis.

**8.   The scheduling of a claim construction prehearing conference after the "Joint Claim Construction and Prehearing Statement" provided in P.R. 4-3 has been filed.**

At this time, the parties do not anticipate that a claim construction prehearing conference will be necessary; however, if the parties later determine that one would be appropriate, they will request one at the Court's convenience.

**9.   Whether the presiding judge should authorize the filing under seal of any documents containing confidential information.**

The parties request that the Court authorizes the filing under seal of any documents containing confidential information designated as "Confidential Information" or "Highly Confidential Information" under the terms of the Southern District of Texas form protective order.

 

| | |
|---|---|
| Counsel for Plaintiff(s) | Date |
| | |
| Counsel for Defendant(s) | Date |

Date: September 16, 2016

Respectfully submitted,

*/s/ Charles B. Walker*
Charles B. Walker, Jr.
State Bar No. 00794808
S.D. Tex. Bar No. 19307
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone:  713/651-5203
Facsimile:  713/651-5246
Email: charles.walker@nortonrosefulbright.com

OF COUNSEL:

Jeffrey P. Kitchen
State Bar No. 24092634
S.D. Tex. Bar No. 2574035
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: 713/651-5391
Facsimile: 713/651-5246
Email: jeff.kitchen@nortonrosefulbright.com

**Attorneys for Baker Hughes Oilfield Operations, Inc.**

        Respectfully submitted,

        */s/ Michael J. Collins*
        Michael J. Collins
        State Bar No.  04614510
        S.D. Tex. Bar No. 15643
        mcollins@ip-lit.com
        COLLINS EDMONDS SCHLATHER
        & TOWER, PLLC
        1616 S. Voss Road, Suite 125
        Houston, Texas  77057
        Telephone:  (281) 501-3425
        Facsimile:  (832) 415-2535

OF COUNSEL:

Stephen F. Schlather
State Bar No. 24007993
S.D. Tex. Bar No. 352157
sschlather@ip-lit.com
COLLINS EDMONDS SCHLATHER & TOWER, PLLC
1616 S. Voss Road, Suite 125
Houston, Texas  77057
Telephone:  (281) 501-3425
Facsimile:  (832) 415-2535

**Attorneys for Defendant Bubbletight, LLC**

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was served upon all counsel of record on September 16, 2016, via the Court's CM/ECF filing system.

>For Defendant:
>Michael J. Collins
>COLLINS EDMONDS SCHLATHER & TOWER, PLLC
>mcollins@ip-lit.com
>1616 S. Voss Road, Suite 125
>Houston, Texas  77057
>Telephone:  (281) 501-3425
>Facsimile:  (832) 415-2535

>>*/s/ Charles B. Walker*
>>Charles B. Walker, Jr.